FILED

2015 Jul-15  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLANDER TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:14-cv-00854-SGC |
| | ) | |
| MIDLAND FUNDING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case involves actions the defendants, Midland Funding, LLC and Midland Credit Management, Inc., allegedly took to attempt to collect a purported debt from the plaintiff, Arlander Taylor.   Presently before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) is the defendants' motion to dismiss the amended complaint (Doc. 12), which the parties have fully briefed (Docs. 19 & 22; *see also* Docs. 29, 31, 33 & 36).   For the reasons discussed below, that motion is due to be granted in part and denied in part.

### I. Background

Midland Funding is in the business of buying defaulted consumer debts and then assigning collection activities to Midland Credit Management.   (Doc. 10 at ¶¶ 10-11). According to the plaintiff, the factual allegations underlying this case represent a growing trend in the debt collection and credit reporting industries that has spawned similar litigation against the defendants and other debt collectors: After purchasing a defaulted debt, a debt buyer files a collection action the debtor.   (*Id.* at ¶¶ 19, 23).   Most often, the debtor fails to answer or otherwise respond to the collection action, and the debt buyer obtains a default

1

judgment against the debtor.  (*Id.* at ¶ 25).  The debt buyer banks on this probability.  It has no intention of proving or ability to prove its case against the debtor.  (*Id.* at ¶¶ 27-32).  For example, although the debt buyer represents it has accurate records, this is not true because the purchase agreement between the debt seller and the debt buyer makes no representation as to the accuracy of the information provided to the debt buyer regarding the debt.  (*Id.* at ¶¶ 21-22).

In this case, the plaintiff alleges the defendants filed a collection action against him in Jefferson County, Alabama small claims court to collect a $2,500.16 debt they misrepresented to the court the plaintiff owed and they owned.  (*Id.* at ¶¶ 46, 48-49, 61-64, 67-68).  According to the plaintiff, the defendants knew they did not own the debt in question, knew the plaintiff did not owe that debt, and knew or should have known the statute of limitations on an action to collect the debt had run.  (*Id.* at ¶ 52-54, 60).  Contrary to the defendants' expectations, the plaintiff filed an answer denying the allegations of the complaint.  (*Id.* at ¶¶ 71-71).  Nonetheless, the defendants filed a motion for default judgment, stating the plaintiff had failed to answer the complaint.  (*Id.* at ¶¶ 80-81).  The small claims court denied that motion because the plaintiff had, in fact, answered the complaint.  (*Id.* at ¶ 84).  When the action came to be tried, the small claims court entered a judgment in favor of the plaintiff.  (*Id.* at ¶ 91).  The defendants did not attempt to offer any evidence or otherwise attempt to prove their case at trial.  (*Id.* at ¶¶ 92-96).  The plaintiff alleges the defendants commenced the collection action to obtain a default judgment against him and, when they were unable to do so, chose to allow the action to move forward to attempt to force the plaintiff to settle the debt in question, all the while knowing there was no merit to the case and without any intention of proving or ability to prove their case.  (*Id.* at ¶¶

2

55-56, 59, 69, 77).  The plaintiff further alleges the defendants attempted to force him to settle the debt by reporting the debt to consumer reporting agencies before, during, and after the collection action, even though they knew the plaintiff did not owe the debt.  (*Id*. at ¶¶ 99-103).

The plaintiff states ten counts (Counts I-X) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").  The plaintiff further alleges the defendants' conduct supports claims for invasion of privacy (Count XI); negligent, wanton, and/or intentional hiring and supervision (Count XII); wanton, malicious, and intentional conduct (Count XIII); malicious prosecution (Count XIV); and abuse of process (Count XV). The defendants seek dismissal of Counts I, IV, VII-XI, and XV of the amended complaint. (Doc. 12).  The plaintiff has agreed to withdraw Counts VII (§ 1692e(11) violation), X (§ 1692g violation), and XV (abuse of process).  (Doc. 19 at 6 n.1, 19 n.8).  Therefore, these counts are due to be dismissed.  The remainder of this report and recommendation addresses the defendants' motion to dismiss Counts I (§ 1692d violation), IV (§ 1692e(5) violation), VIII (§ 1692f violation), IX (§ 1692f(1) violation), and XI (invasion of privacy).

## II. Motion to Dismiss Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S.

662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief about the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

## III. Discussion

### A. § 1692d Claim

In Count I of the amended complaint, the plaintiff alleges the defendants' actions violated § 1692d, which prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (Doc. 10 at ¶¶ 143-46). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Jeter v. Credit Bureau, Inc.*, 760 F.2d

4

1179 (11th Cir. 1985).  The defendants argue the mere act of pursuing a judicial action to collect a defaulted debt does not serve to harass, oppress, or abuse within the meaning of § 1692d and that the plaintiff has failed otherwise to plead any facts that would support a § 1692d claim against them.  (Doc. 12 at 2-7).  The only precedent binding on this district court the defendants cite to support their argument is *Jeter*.  (Doc. 12 at 3-4, 6).  In *Jeter*, the Eleventh Circuit held that a debt collector's act of sending a letter to a debtor advising the debtor that if she did not pay her debt it would institute a collection action that might cause her "embarrassment, inconvenience, and further expense" did not violate § 1692d.  760 F.2d at 1179.  The court reasoned

> [t]hat a lawsuit might cause a consumer 'embarrassment, inconvenience, and further expense' is a true statement.  Such consequences of a debt collection (or any other) lawsuit are so common place that even a consumer susceptible to harassment, oppression, or abuse would not have been harassed, oppressed, or abused by the statement *in and of itself*.

*Id.* (emphasis in original).

Here, however, the plaintiff does not allege merely that the defendants harassed, oppressed, and abused him by advising him they intended to commence a potentially embarrassing, inconvenient, and expensive collection action against him.  He alleges that with no intention of proving or ability to prove their case, the defendants pursued a collection action in an attempt to obtain a default judgment against him as to a debt they knew he did not owe and they did not own and on which they knew or should have known the statute of limitations had run.  (Doc. 10 at ¶¶ 52-56, 59-60, 69, 77, 99-103).  This conduct, viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse, is sufficient to state a claim under § 1692d.

*See Jeter*, 760 F.2d at 1179 (holding that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse"); *Ferrell v. Midland Funding, LLC,* 2015 WL 2450615, at *3 (N.D. Ala. May 22, 2015) (England, Mag. J.); *Dial v. Midland Funding*, LLC, 2015 WL 751662, at *6 (N.D. Ala. Jan. 15, 2015) (Putnam, Mag. J.) (finding factual allegations similar to those made in this case sufficient to state a § 1692d claim), *report and recommendation adopted in part, rejected in part*, 2015 WL 751690, at *1 (N.D. Ala. Feb. 23, 2015) (Acker, J.) (adopting finding as to § 1692d claim).

The defendants further contend that even if § 1692d protects against the type of conduct alleged in the amended complaint, the plaintiff's allegations are legal conclusions unsupported by facts.  (Doc. 22 at 3-5).  For example, the defendants argue the plaintiff's failure to allege when he defaulted on the debt in question is fatal to the allegation the defendants knew a judicial action to collect that debt was time-barred.  (*Id.* at 5).  Contrary to the defendants' contention, the amended complaint contains sufficient factual allegations to state a facially plausible claim under § 1692d.  The plaintiff's allegations regarding the course of proceedings in small claims court, together with his factual allegations regarding the defendants' pattern and practice of commencing judicial actions to collect stale debts solely for the purpose of obtaining default judgments against debtors, raises the plaintiff's right to relief above the speculative level.  Although the plaintiff ultimately must prove these allegations, he is not required to do so at this stage of the litigation.  *See Ferrell*, 2015 WL 2450615, at *4; *Dial*, 2015 WL 751690, at *2.  Furthermore, the defendants' contention that the plaintiff's allegation he did not owe the debt in question is inconsistent with his allegation the debt was time-barred misses the point that a plaintiff is permitted to plead

alternative and even inconsistent theories of liability. *See Ferrell*, 2015 WL 2450615, at *4; *Dial*, 2015 WL 751690, at *2.; Fed. R. Civ. P. 8(d)(2)-(3). For these reasons, the motion to dismiss is due to be denied as to Count I of the amended complaint.

**B. § 1692e(5) Claim**

In Count IV of the amended complaint, the plaintiff alleges the defendants violated § 1692e(5), which prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," by pursing the collection action in question and reporting he owed a debt they knew he did not owe. (Doc. 10 at ¶¶ 155-58). The defendants argue this count is due to be dismissed because § 1692e(5) only protects against threats of illegal or unintended actions, not illegal actions actually taken. (Doc. 12 at 7-8). In response, the plaintiff contends this argument defies reason. (Doc. 19 at 15-16). Courts addressing the question whether § 1692e(5) prohibits both threats and actions have not answered uniformly. Some courts have taken the position both threats to take illegal or unintended actions and illegal actions actually taken can support a § 1692e(5) claim. *See, e.g., Collins v. Erin Capital Mgmt., LLC*, 991 F. Supp. 2d 1195, 1211-12 (S.D. Fla. 2013); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 729-30 (D. Md. 2011). These courts have reasoned "[i]t simply strains credulity to believe that the FDCPA, a law that safeguards consumers from abusive and deceptive debt collection practices by debt collectors would prohibit threats of illegal actions but not the illegal actions themselves," and that any other interpretation "would undermine the consumer protection goals of the FDCPA." *Bradshaw*, 764 F. Supp. 2d at 730 (internal citation omitted).

Other courts have taken the position only threats to take illegal or unintended actions, not illegal actions alone, can support a § 1692e(5) claim. *See, e.g., Dial*, 2015 WL 751690,

at *2-4; *Bravo v. Midland Credit Mgmt., Inc.*, 2014 WL 6980438, at *3 (N.D. Ill. Dec. 9, 2014); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 519-20 (S.D.N.Y. 2013); *Fick v. American Acceptance Co., LLC*, 2012 WL 1074288, at *4 (N.D. Ind. March 28, 2012); *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010); *Clark v. Pollard*, 2000 WL 1902183, at *3 (S.D. Ind. Dec. 28, 2000).  These courts have reasoned (1) the plain meaning of the statute prohibits only threats of illegal or unintended actions, (2) there are a number of explanations for Congress' omission of actions from § 1692e(5) (e.g., actual illegal acts may be protected by state tort law, while threats require special protection), and (3) elsewhere in the FDCPA, Congress was explicit when it intended to prohibit both threats to act and acts, themselves (e.g., in § 1692d(1)).  *See, e.g., Dial*, 2015 WL 751690, at *2-4; *Bravo*, 2014 WL 6980438, at *3; *Okyere*, 961 F. Supp. 2d at 519.  This reasoning is persuasive.  It avoids speculation as to Congress' intent where the statute's language is plain. *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001) ("Those who ask courts to give effect to perceived legislative intent by interpreting statutory language contrary to its plain and unambiguous meaning are in effect asking courts to alter that language, and '[c]ourts have no authority to alter statutory language. . . . We cannot add to the terms of [the] provision what Congress left out.'" (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1187 (11th Cir. 1997))).  Furthermore, it blunts any argument the plain meaning of § 1692e(5) leads to an absurd result.  *See PrimeTime 24 Joint Venture*, 245 F.3d at 1228 (noting that while courts may reach results inconsistent with plain meaning of statute to avoid absurd result, this principle is rarely applied).  Notably, the theory that Congress may have omitted illegal actions from protection under § 1692e(5) because that conduct is otherwise actionable is borne out here, where the plaintiff may proceed on a number of other

8

claims based on the defendants' conduct.  *See Dial*, 2015 WL 751690, at *3 ("Indeed, in this case, [the plaintiff] can proceed while asserting 12 causes of action, both federal and state law, all concerning the exact same conduct.  Because [the plaintiff] is already provided with a potential remedy, there is simply no reason to 'shoehorn a claim under subsection (5) where a debt collector merely acts to collect on a debt but never makes either an explicit or implicit threat.'" (quoting *Thompson v. CACH, LLC*, 2014 WL 5420137, at *4 (N.D. Ill. Oct. 24, 2014))).  Because Count IV of the amended complaint is based on action taken, not threats made, by the defendants, the motion to dismiss is due to be granted as to that count.

### C. §§ 1692f & 1692f(1)

In Count VIII of the amended complaint, the plaintiff alleges the defendants' conduct violated § 1692f, which prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  (Doc. 10 at ¶¶ 171-74).  Section 1692f enumerates specific conduct that constitutes a violation of the statute in eight subsections.  *See* § 1692f.  The enumerated conduct is a non-exhaustive list.  *See id.*  In Count IX of the amended complaint, the plaintiff alleges that by pursuing the collection action in question, the defendants violated subsection 1 of § 1692f, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  (Doc. 10 at ¶¶ 175-78).

According to the defendants, Counts VIII and IX fail because the conduct the plaintiff claims constitutes a violation of § 1692f and § 1692f(1) is the same conduct he alleges violates other sections of the FDCPA.  (Doc. 12 at 11-12).  The defendants cite opinions

issued by the Northern District of Georgia, Middle District of Alabama, and Southern District of Alabama to support their argument the same conduct cannot be made the basis of both a § 1692f claim and another FDCPA claim.  (*Id.* (citing *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) ("A complaint will be deemed deficient under [§ 1692f], however, if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'"); *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) (noting *Taylor* "reflect[s] a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA."); *Eslava v. AllianceOne Receivables Mgmt., Inc.*, 2012 WL 4336012, at *3 (S.D. Ala. Sept. 20, 2012) ("Case law clearly establishes that, to state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA."))).

In response, the plaintiff cites *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014).  (Doc. 19 at 16-17).  In *Crawford*, the Eleventh Circuit determined the act of filing a proof of claim to collect a stale debt in a Chapter 13 bankruptcy proceeding was " 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of § 1692e *and* § 1692f."  758 F.3d at 1261 (emphasis added).  In reaching this conclusion, the Eleventh Circuit acknowledged the defendant's conduct also would have violated §§ 1692e and 1692f had it filed a lawsuit to collect a time-barred debt in state court, rather than filed a proof of claim to collect a time-barred debt in a bankruptcy proceeding.  *Id.* at 1259 (collecting cases in which federal appeals courts "have uniformly held that a debt collector's threatening to

sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f").

Despite its use of the conjunctive, *Crawford* does not settle the parties' dispute regarding the viability of a § 1692f claim made together with other FDCPA claims. This is because the Eleventh Circuit did not address the specific question whether conduct may be actionable under both § 1692f and other provisions of the FDCPA in *Crawford*, nor did the cases on which the court relied to support its determination. *See Crawford*, 758 F.3d at 1259. Rather, in *Crawford* the Eleventh Circuit more generally considered whether the act of filing a proof of claim to collect a stale debt in a Chapter 13 bankruptcy proceeding violates the FDCPA. *Id.* at 1256, 1262. Furthermore, at the same time the court determined the defendant's conduct fell within the scope of "§ 1692e *and* § 1692f," it determined the defendant's act of filing a proof of claim constituted a " 'representation' *or* 'means' used in 'connection with the collection of any debt'" as those terms are used in § 1692e and § 1692f, respectively. *Id.* at 1261 (emphasis added). The defendants contend the later determination demonstrates the court actually held that the conduct in question was actionable under § 1692e *or* § 1692f. (Doc. 22 at 8 n.11). However, this argument is disingenuous. It ignores the court's simultaneous use of the conjunctive to discuss the actionability of the defendant's conduct. If anything, the court's use of both "and" and "or" demonstrates it did not reach any conclusion as to whether conduct may support both a § 1692f claim and another FDCPA claim.

Furthermore, the defendants overstate the holdings of the cases they cite to support their argument as to the viability of the plaintiff's § 1692f and § 1692f(1) claims. Those cases do address whether the same conduct may be actionable under § 1692f and other

11

provisions of the FDCPA.  A fair reading of those cases suggests a plaintiff cannot state a claim under the catchall provision of § 1692f based solely on conduct that forms the basis of other claims for FDCPA violations, but that to the extent a plaintiff alleges how that conduct is unfair or unconscionable under the enumerated subsections of § 1692f, he may maintain claims for violations of both § 1692f and other provisions of the FDCPA.  For example, in *Winberry*, the Middle District of Alabama dismissed one plaintiff's § 1692f claim but permitted another plaintiff's § 1692f claim to proceed together with other FDCPA claims because the plaintiff testified to conduct specifically enumerated in § 1692f, namely, that the defendants attempted to collect a debt not permitted by law.  *Winberry*, 697 F. Supp. 2d at 1292-93, 1295-96.  *See also Taylor*, 510 F. Supp. 2d at 1217 (dismissing plaintiff's § 1692f claim on account of plaintiff's "failure to specifically identify how [the defendants' conduct] was also unfair or unconscionable under section 1692f"); *Eslava*, 2012 WL 4336012, at *3 ("Case law clearly establishes that, to state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA."); *Austin v. Frederick J. Hanna & Assocs, P.C.*, 2014 WL 4724885, at *9-10 (N.D. Ga. July 10, 2014) (relying on Taylor, court dismissed § 1692f claim and permitted § 1692f(1) claim to proceed), *report and recommendation adopted*, 2014 WL 7335467 (N.D. Ga. Dec. 23, 2014).

        This interpretation is persuasive.  Accordingly, here, the motion to dismiss is due to be granted as to Count VIII of the amended complaint because the plaintiff merely alleges the same conduct that forms the basis of his other FDCPA claims was an unfair or unconscionable means of attempting to collect a debt in violation of § 1692f.  However, the motion to dismiss is due to be denied as to Count IX because the plaintiff alleges the

collection action in question was unfair or unconscionable within the meaning of § 1692f(1) because it was not permitted by law.

### D. Invasion of Privacy Claim

Count XI of the amended complaint sets forth a state-law claim for invasion of privacy based on the defendants' pursuit of the collection action in question, as well as the defendants' act of reporting the plaintiff owed a debt they knew he did not owe. (Doc. 10 at ¶¶ 183-96). "The Alabama Supreme Court has 'recognized the right of a creditor to take reasonable action to pursue a debtor and collect a debt.'" *Shuler v. Ingram & Assocs.*, 441 Fed. App'x 712, 720 (11th Cir. 2011) (quoting *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (Ala. 1985)). "However, when a creditor's actions 'exceed the bounds of reasonableness,' the debtor may bring a claim for invasion of privacy." *Shuler*, 441 Fed. App'x at 720 (quoting *Barnwell*, 481 So. 2d at 865-66). "In the debtor-creditor context, invasion of privacy has been characterized as 'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Shuler*, 441 Fed. App'x at 720 (quoting *Barnwell*, 481 So. 2d at 865).

The defendants argue this count is due to be dismissed because it (1) is not supported by sufficient factual allegations, (2) is barred by Alabama's absolute litigation privilege so far as it is based on statements made in connection with the collection action, and (3) is preempted by the Fair Credit Reporting Act (the "FCRA") so far as it is based on their reporting of the debt in question. (Doc. 12 at 13-20).

### 1. <u>Absolute Litigation Privilege</u>

Under Alabama law, "[p]ertinent statements made in the course of judicial proceedings are absolutely privileged." *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. Civ. App. 2010) (citing *O'Barr v. Feist*, 296 So. 2d 152, 156-57 (Ala. 1974)). "Absolutely privileged statements, no matter how false or malicious, cannot be made the basis of civil liability." *Drees*, 45 So. 3d at 358 (citing *O'Barr*, 296 So. 2d at 156; *Walker v. Majors*, 496 So. 2d 726 (Ala. 1986)). This so-called absolute litigation privilege applies to claims for invasion of privacy. *Drees*, 45 So. 3d at 358 (citing *Butler v. Town of Argo*, 871 So. 2d 1, 12-13 (Ala. 2003)). The plaintiff argues the absolute litigation privilege does not apply here because the basis for his invasion of privacy claim is not any particular statement the defendants made during the course of the collection action, but rather their act of pursuing the collection action, itself. (Doc. 19 at 21-22). The plaintiff cites *Matherly v. Wells Fargo Bank*, 2014 WL 345397 (M.D. Ala. Jan. 30, 2014) to support his argument. (Doc. 19 at 21). In *Matherly*, the court held that the removing defendant defendant had not proven by clear and convincing evidence that the absolute litigation privilege barred a suit based on conduct undertaken by the resident defendant in connection with a divorce proceeding, such that the court could determine the plaintiff had fraudulently joined the resident defendant to defeat diversity jurisdiction. 2014 WL 345397, at *2-3. The court did not determine that the absolute litigation privilege does not apply to claims arising out of actions taken in connection with a lawsuit. It determined the movant had not satisfied its heavy burden of proof to establish fraudulent joinder. *See id.* ("What is *not clear* is whether the privilege applies to actions undertaken by parties in the course of litigation." (emphasis added)). In

*Dial*, District Judge Acker rejected the plaintiff's reliance on *Matherly*, reasoning, essentially, as follows:

> [W]hile [the plaintiff] labels Midland's actions as conduct and not statements, Midland's filing of the lawsuit is only actionable because of the statements in the complaint . . . . Allowing [the plaintiff] to assert a claim based on the conduct of filing an unlawful complaint—which must be determined by looking to the statements contained in the complaint—would effectively vitiate the privilege.

*Dial*, 2015 WL 751690, at *6.  *See also Ferrell*, 2015 WL 2450615, at *5-6.  This reasoning is persuasive, particularly given the sole case relied on by the plaintiff did not establish, affirmatively, the proposition for which the plaintiff cites it.  Accordingly, Alabama's absolute litigation privilege bars the plaintiff's invasion of privacy claim to the extent that claim is based on the defendants' pursuit of the collection action in question.

## 2. FRCA Preemption

By way of background, when enacted in 1970, the FCRA imposed obligations on consumer reporting agencies, but not furnishers of credit information, and included § 1681h(e), but not § 1681t(b)(1)(F).  *See Austin v. Certegy Payment Recovery Servs., Inc.*, 2014 WL 546819, at *7 (N.D. Ala. Feb. 11, 2014); *Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1357 (N.D. Ga. 2011).  Congress amended the FCRA in 1996 to impose obligations on furnishers of credit information.  *Austin*, 2014 WL 546819, at *7; *Spencer*, 831 F. Supp. 2d at 1357.  Simultaneously, it added § 1681t(b)(1)(F) to the act.  *Spencer*, 831 F. Supp. 2d at 1358.

The defendants claim § 1692t(b)(1)(F) preempts the plaintiff's invasion of privacy claim to the extent that claim is based on the defendants' reporting of the debt in question.

15

(Doc. 12 at 18-20).  Section 1692t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."  § 1681t(b)(1)(F).  Section 1681s-2 describes the responsibilities of persons who furnish information to credit reporting agencies. *See* § 1681s-2.

In response, the plaintiff argues his invasion of privacy claim is not preempted because he has alleged the defendants acted with malice and willful intent to injure.  (Doc. 19 at 22-24).  This argument relies on reference to § 1692h(e), which provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion or privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure the consumer.

§ 1681h(e).  Section 1681g describes information a consumer reporting agency must disclose to a consumer at his or her request, and section 1681h sets out the conditions for and form of disclosures made under § 1681g.  *See* §§ 1681g & 1681h.  Section 1681m describes information a person who uses a consumer report to take adverse action against a consumer must disclose to that consumer.  *See* § 1681m.

Courts construing § 1681h(e) and § 1681t(b)(1)(F) have perceived an overlap and potential conflict between the provisions—that is, while § 1681t(b)(1)(F) appears to preempt

all state law claims against furnishers of credit information, § 1681h(e) appears to permit actions in the nature of defamation, invasion of privacy, and negligence against furnishers of credit information to the extent the information in question was furnished with malice or intent to injure.  *See, e.g., Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1358 (N.D. Ga. 2011); *Meisel v. USA Shade and Fabric Structures, Inc.*, 795 F. Supp. 2d 481, 489 (N.D. Tex. 2011).  Courts attempting to reconcile the perceived overlap and potential conflict of the provisions have adopted varying approaches.  In fact, district courts in Alabama and even judges in this federal judicial district have interpreted the interaction between § 1681h(e) and § 1681t(b)(1)(F) differently.  *See Dial v. Midland Funding, LLC,* No. 14-0663 at Doc. 30, pp. 15-16 (discussing varying approaches to FCRA preemption taken by judges in the Northern District of Alabama).  The Eleventh Circuit has not spoken directly to the issue.  Generally, courts have adopted one of three approaches to reconciling § 1681h(e) and § 1681t(b)(1)(F):

### a. Total Preemption Approach

Some courts have concluded § 1681t(b)(1)(F) superseded or implicitly repealed § 1681h(e) when added to the FCRA.  *See, e.g., Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228, 1238-39 (D. Wyo. 2002); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001), *reconsideration granted in part*, 2001 WL 1762626 (E.D. Pa. June 20, 2001).  Critics of this approach argue that if Congress intend this result, it would have repealed § 1681h(e) explicitly.  *See, e.g., Barnhill v. Bank of America, N.A.*, 378 F. Supp. 2d 696, 700-01 (D.S.C. 2005).  Because Congress amended § 1681h without repealing § 1681h(e) when it added section § 1681t(b)(1)(F) to the FCRA, these critics argue Congress clearly intended § 1681h(e) to remain a part of the statutory scheme.  *See, e.g., Meisel*, 795 F.

Supp. 2d at 489.  They further argue a statute should not be construed in a manner that renders any part of the statute superfluous.  *See e.g., id.*; *Barnhill*, 378 F. Supp. 2d at 700-01; *McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335, 1340 (N.D. Ala. 2004) (Smith, J.); *Woltersdorf v. Pentagon Fed. Credit Union*, 320 F. Supp. 2d 1222, 1225-26 (N.D. Ala. 2004) (Hancock, J.); *Kane v. Guar. Residential Lending, Inc.*, 2005 WL 1153623, at *7 (E.D.N.Y. May 16, 2005).

### b. Temporal Approach

Some courts have concluded § 1681h(e) applies to conduct taken by a furnisher of credit information before it receives notice of a dispute as to the accuracy of that information, either from a credit reporting agency or from a consumer, while § 1681t(b)(1)(F) applies after it receives such notice.  *See, e.g., Woltersdorf*, 320 F. Supp. 2d at 1226; *Kane*, 2005 WL 1153623, at *9.  These courts reason § 1681t(b)(1)(F) preempts state laws "with respect to any subject matter regulated under section 1681s-2," which sets out duties a furnisher of credit information assumes after it is notified the accuracy of that information is disputed. *See, e.g., Woltersdorf*, 320 F. Supp. 2d at 1226.  However, critics of this approach note the plain language of § 1681s-2 does not govern only the responsibilities of a furnisher of credit information after it receives notice of a dispute as to the accuracy of that information.  *See, e.g., Meisel*, 795 F. Supp. 2d at 490; *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003).  They further argue this approach runs afoul of the canon of statutory construction providing that "[w]hen a specific statute carves out an exception to a general statute, the 'specific statute will not be controlled or nullified by [the] general one, regardless of priority of enactment.'"  *See, e.g., Barnhill*, 378 F. Supp. 2d at 702 (quoting *Morton v.*

*Mancari*, 417 U.S. 535, 550-51 (1974)).   That is, this approach causes § 168lh(e), the specific statute, to yield to § 1681t(b)(1)(F), the general statute.  *See, e.g., id.*  Finally, they argue this approach leads to the "perverse result" of providing more protection to furnishers of credit information for conduct taken after they receive notice the accuracy of credit information is disputed than for conduct taken before receiving such notice.  *See, e.g., Barnhill*, 378 F. Supp. 2d at 702; *Meisel*, 795 F. Supp. 2d at 490.

### c. Statutory Approach

Some courts have concluded § 1681h(e) preempts state common law claims, while § 1681t(b)(1)(F) preempts state statutory claims.  *See, e.g., McCloud*, 309 F. Supp. 2d at 1341-42; *Barnhill*, 378 F. Supp. 2d at 703-04; *Meisel*, 795 F. Supp. 2d at 490-91.  These courts reason § 1681h(e) references actions "in the nature of defamation, invasion of privacy, or negligence," while § 1681t(b)(1)(F) specifically excepts certain Massachusetts and California state statutes from preemption.  *See, e.g., McCloud*, 309 F. Supp. 2d at 1341-42; *Barnhill*, 378 F. Supp. 2d at 703.  Critics of this approach note § 1681t(b)(1)(F) does not specify it applies only to state statutes.  *See, e.g., Kane*, 2005 WL 1153623, at *8.  Furthermore, the Seventh Circuit has noted the Supreme Court, interpreting the word "laws" in a different statute, "held that a reference to state 'laws' comprises all sources of legal rules, including judicial opinions."  *Purcell v. Bank of America*, 659 F.3d 622, 623-24 (7th Cir. 2011) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

### d. Alternative Approaches

Some courts have declined to adopt any of the three traditional approaches, instead determining there is no inconsistency between the two statutes, or at least none that need be

resolved to the extent a complaint addresses conduct within the scope of § 1681s-2 but not §§ 1681g, 1681h, or 1681m.  For example, judges in the Middle District of Alabama and in this federal judicial district have reasoned as follows:

> Section 1681t(b)(1)(F) is unambiguous on its face.  There is no need "to resolve a theoretical conflict between statutes unless the statute which allegedly causes the conflict with the other, unambiguous, statute applies in the case."  Where the conduct made the basis of a claim is the alleged furnishing of false information to consumer reporting agencies and not information disclosed to a consumer or adverse action taken against a consumer based on information provided by a consumer reporting agency, § 1681t(b)(1)(F), not § 1681h(e), applies.

*See Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007); *Dial*, 2015 WL 751690, at *7; *Schlueter v. BellSouth Telecomms.*, 770 F. Supp. 2d 1204, 1209-10 (N.D. Ala. 2010) (Blackburn, J.); *Sigler v. RBC Bank (USA)*, 712 F. Supp. 2d 1265, 1269-70 (M.D. Ala. 2010); *Spencer*, 831 F. Supp. 2d at 1361-63 (describing this approach as the "emerging view"); *Granville Alley v. Farmers Bank, Inc.*, 2014 WL 4287103, at *6 (M.D. Ga. Aug. 29, 2014) (same).  *See also Purcell*, 659 F.3d at 625 (concluding "[s]ection 1681h(e) preempts some state claims that could arise out of reports to credit agencies," while "§ 1681t(b)(1)(F) preempts more of these claims," and that "[t]his understanding does not vitiate the final words of § 1681h(e), because there are exceptions to § 1681t(b)(1)(F)," and "[w]hen it drops out, § 1681h(e) remains"); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2nd Cir. 2011) (adopting reasoning of *Purcell*) ("Put differently, the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption."); *Barnett v. JP Morgan Chase Bank,*

*Nat. Ass'n*, 2013 WL 324739, at *12-13 (N.D. Ala. June 26, 2013) (Hopkins, J.) (adopting preemption analysis set out in *Purcell* and *Macpherson*); *Williams v. Student Loan Guarantee Found. of Arkansas*, 2015 WL 241428, at *10-13 (N.D. Ala. Jan. 20, 2015) (Haikala, J., adopting report and recommendation of England, Mag. J.); *Ferrell*, 2015 WL 2450615, at *6.

Finally, some judges in this judicial district simply permit state law claims against a furnisher or credit information related to such a furnisher's alleged willful reporting of false information to proceed on the authority of *Lofton-Taylor v. Verizon Wireless*, 262 Fed. App'x 999 (11th Cir. 2008), or otherwise. *See, e.g., Kamps v. Midland Funding, LLC*, 2013 WL 622505, at *4 (N.D. Ala. Feb. 19, 2013) (Bowdre, J.); *Morgan v. Midland Funding, LLC*, No. 12-3846 at Doc. 12, p. 3 (N.D. Ala. Jan. 4, 2013) (Proctor, J.); *Gamble v. Midland Funding, LLC*, 2013 WL 979202, at *2 (N.D. Ala. Mar. 7, 2013 (Kallon, J.). In *Lofton-Taylor*, the Eleventh Circuit held that § 1681h(e) preempted state law defamation and invasion of privacy claims against a furnisher of credit information because the information furnished was not false or made with malice or willful intent to injure. 262 Fed. App'x at 1002. In so holding, the court interpreted § 1681h(e) to mean "that where a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer." *Id.* Because § 1681h(e) preempted the claims in question, the circuit court withheld any opinion as to "whether the preemption language in § 1681t(b)(1)(F) [was] broad enough to also preclude [the plaintiff's] claims." *Id.* at 1003.

21

The undersigned finds persuasive the alternative fourth approach advanced by *Knudson* and followed in *Dial* and *Schlueter*.     Each of the three traditional approaches requires resort to troubled logic.  *Lofton-Taylor* is not binding precedent, and there is some question whether the circuit court addressed the "intricate" preemption issue in that case. *See Sigler*, 712 F. Supp. 2d at 1270 n.6.  Applying the alternative fourth approach to the facts alleged in the amended complaint, § 1681h(e) does not apply here.  The remaining basis for the plaintiff's invasion of privacy claim is the defendants' alleged false reporting of a debt, which is conduct that falls squarely within the subject matter of § 1681t(b)(1)(F) and has nothing to do with the disclosures to consumers covered by § 1681(g), § 1681(h), and § 1681(m) or adverse action taken against a consumer based on information provided by a consumer reporting agency.  Therefore, § 1681t(b)(1)(F) preempts the plaintiff's invasion of privacy claim to the extent that claim is based on the defendants' reporting of the debt in question.  Accordingly, the motion to dismiss is due to be granted as to Count XI.[1]

**IV. <u>Conclusion</u>**

For the foregoing reasons, the undersigned **RECOMMENDS** that the defendants' motion to dismiss (Doc. 12) be **GRANTED** as to Counts IV (§ 1692e(5)), VIII (§ 1692f), and XI (invasion of privacy) of the amended complaint, and **DENIED** as to Counts I (§ 1692d) and IX (§ 1692f(1)) of the amended complaint.   The undersigned further **RECOMMENDS** that Counts VII (§ 1692e(11), X (§ 1692g), and XV (abuse of process) of the amended complaint be **DISMISSED** in accordance with the plaintiff's agreement to withdraw those counts.

---

[1] Because the absolute litigation privilege and FCRA preemption warrant dismissal of the plaintiff's invasion of privacy claim, there is no need to address the defendants' argument that the plaintiff has failed to plead sufficient facts to support the claim.

**V. <u>Notice of Right to Object</u>**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal, except for plain error.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

**DONE** this 15th day of July, 2015.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE